STATE OF CONNECTICUT *v.* THOMAS OWENS, JR.

Decided August 1, 1958

*Thomas Owens, Jr.,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. On December 20, 1951, after a trial to the jury, the defendant, age twenty-two, was sentenced to state prison by the Superior Court at Fairfield as follows: First count—rape—not less than twenty-five nor more than thirty years; second count—assault with intent to rape—five years. The effective sentence of the foregoing is a commitment to state prison for not less than twenty-five nor more than thirty-five years. He had been involved in two incidents.

On August 28, 1951, a woman who was waiting for a bus on the Post Road about 10 o'clock in the evening was seized from the rear and dragged across some school property and over a stone wall into a vacant lot, where she was raped with great brutality. On September 16, 1951, at about the same hour and at a spot less than a mile from the above place, another woman was seized from behind and dragged into some bushy ground and assaulted with great brutality. She was left without clothes in a marshy spot. A white shirt given to her by the assailant bore a laundry mark which eventually was traced to the defendant. Both victims identified the defendant, who, as an interstate truck driver, had committed these crimes while traveling through the state. Defendant had no known prior record.

The grievance of the defendant is that the sentence is too severe and that it compares unfavorably with those of other offenders in like position. The sentencing court emphasized the necessity of protecting the public from such crimes.

The defendant committed two vicious crimes. The inherent wrong of such conduct, the deliberate and

premeditated character of it, the personal abuse and violence involved in such crimes, the personal injury and shock which such experiences have upon a victim and the high maximum sentence provided by the law afford some measure of the gravity with which such crimes are regarded.

The instant case does not have the mitigating circumstances of a situation illustrated by a case cited by the defendant, where the female victim, having started out with the offender for the evening and visiting a number of taverns, drinking into the early hours of the morning, suffered a beating because she would not consent to sexual intercourse. In the present case the females were alone upon a public street in the lawful exercise of their rights and in no manner encouraging attention of any kind. They were entitled to be safe. Nor do the penalties here appear inconsistent with those of substantially similar cases where the misconduct was accompanied by high personal abuse and danger to the victims. At the trial the defendant showed no element of repentance. He not only denied the commission of the crimes but brought alibi witnesses to exculpate him and compelled the victims to testify to all the shocking details of the occurrences.

In determining a proper sentence, the trial court owes a duty to the public as much as it does to an accused, and the problem is to find a proper balance. Under the circumstances of the instant case, appropriate emphasis was placed upon the element of the deterrence of potential offenders while protecting the public at the same time from such actions of an offender by his prolonged segregation. Considering the aggravated nature of the conduct here, and the fact there were two crimes committed, it was not unreasonable for the trial court to have imposed a penalty in the upper portion of the penalty range provided by the law.

The sentences imposed appear neither excessive nor to reflect an unwarrantedly extreme view by the sentencing court. Accordingly, they should stand.

Thim, Ryan and Pastore, Js., participated in this decision.